UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAUL WOOD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE MARTIN-BROWER COMPANY, L.L.C.<br><br>　　　　Defendant. | CASE NO. 3:10-cv-03289-SI<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL AND SETTING SETTLEMENT HEARING** |

　　　　The motion of Plaintiff Paul Wood for an order (1) provisionally certifying a settlement class; (2) preliminarily approving a class action settlement; and (3) setting a final approval hearing came on for hearing on March 25, 2011.  The Court has considered the Stipulation Regarding Settlement of Class Action and its exhibits, Martin-Brower's statement of non-opposition to the motion, the submissions of counsel, and all other papers filed in this action.  The matter having been submitted and good cause appearing therefor, the Court finds as follows:

　　　　1.　　All defined terms contained herein shall have the same meanings as set forth in the Stipulation Regarding Settlement of Class Action executed by the Settling Parties and filed with this Court (the "Stipulation");

　　　　2.　　The Class Representative and Martin-Brower, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation;

　　　　3.　　The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Litigation, including no

1

13246672.1

effect on the Litigation should the Stipulation not ultimately be approved or should the Effective Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure for settlement purposes: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative Wood are typical of the claims of the members of the proposed Class; (d) Class Representative Wood will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representative is qualified to serve as counsel for the Class and for the Class Representative in his own capacity as well as his representative capacity;

4. The moving parties also have presented to the Court for review a Stipulation Regarding Settlement of Class Action. The Stipulation meets the requirements for preliminary approval; and

5. The moving parties have presented to the Court for review a plan to provide notice to the proposed Class of the terms of the settlement and the various options the Class has, including, among other things, the option to be represented by counsel of their choosing and the option to request exclusion from the Settlement Class. The Class Notice will be mailed to all Class Members at their Last Known Addresses. The notice plan proposed by the Settling Parties is the best practical notice under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation of Settlement is preliminarily approved and the Class is provisionally certified for settlement purposes;

2. Notice of the proposed settlement and the rights of Class Members to request exclusion from the settlement shall be given by mailing of the Notice to Class Members

Re: Pendency of a Class Action by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation. Martin-Brower shall provide the Claims Administrator with the information necessary to conduct this mailing as set forth in the Stipulation. The Claims Administrator shall update Class Member contact information as directed in the Stipulation;

       3.     A hearing shall be held before this Court on _____, 2011, at \_\_\_\_\_ to consider whether the settlement should be given final approval by the Court:

       (a)     Objections by Class Members to the proposed settlement will be considered only if reduced to writing and received by the Claims Administrator or Class Counsel postmarked on or before the Notice Response Deadline;

       (b)     At the Settlement Hearing, Class Members may be heard orally in support of or, if they have timely submitted written objections, in opposition to the settlement;

       (c)     Class Counsel and counsel for Martin-Brower should be prepared at the hearing to respond to written objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the settlement should be approved;

       (d) Class Counsel shall also file and submit a Motion for Attorneys' Fees and Costs, which shall be filed simultaneously with the Motion Requesting Final Approval, 21 days prior to the Final Approval Hearing; and

       4.     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____       _____
                                           The Honorable Susan Illston