MELISSA MEEKER HARNETT (Bar No. 164309)
  mharnett@wccelaw.com
JESSE B. LEVIN (Bar No. 268047)
  jlevin@wccelaw.com
**WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800 • Fax: (818) 996-8266

CRAIG J. ACKERMANN (Bar No. 229832)
  cja@laborgators.com
**ACKERMAN & TILAJEF, P.C.**
1180 South Beverly Drive, Suite 600
Los Angeles, California 90035
Telephone: (310) 277-0614 • Fax: (310) 277-0635

Attorneys for PLAINTIFF,
PAUL WOOD, AND THE PUTATIVE CLASS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| PAUL WOOD, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>THE MARTIN-BROWER COMPANY, L.L.C.,<br><br>　　　　　Defendant. | CASE NO. CV 10-3289 SI<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS**<br><br>**Date:　　July 8, 2011**<br>**Time:　　9:00 a.m.**<br>**Crtrm.:　10**<br>**Hearing Judge: Hon. Susan Illston**<br><br>[Complaint Filed: June 23, 2010<br>Alameda Superior Court Case # RG10521927]<br>[Case Removed: July 27, 2010] |

1

NOTICE OF MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    NOTICE IS HEREBY GIVEN that, on July 8, 2011, at 9:00 a.m. or as soon

2  thereafter as the matter may be heard in Courtroom 10 of the United States District

3  Court for the Northern District of California before the Honorable Susan Illston,

4  pursuant to Fed. R. Civ. P. 23 and Local Rule 54-5, Plaintiff Paul Wood, on behalf

5  of himself and all others similarly situated, will and hereby does move this Court for

6  entry of the Proposed Order filed herewith:

7        1.    Approving Class Counsel's request for 24.54% of the Total Settlement

8  Sum of $697,671.00, i.e., $171,250, as attorneys' fees;

9        2.    Plus reimbursement of litigation costs of $7,034.52 The motion is

10  based upon this Notice of Motion and Motion for Attorney's Fees and Costs, the

11  attached Memorandum of Points and Authorities, the Declarations of Melissa

12  Meeker Harnett and Craig T. Ackermann filed in support hereof, and upon such

13  other oral and documentary evidence as may be presented at the time of the hearing,

14  on all of the pleadings, records and papers on file in this action, and upon whatever

15  additional argument and evidence as may be presented to the Court at the time of the

16  hearing.

17

18  DATED: May 2, 2011                **WASSERMAN, COMDEN,**
                                      **CASSELMAN & ESENSTEN, L.L.P.**
19                                    MELISSA MEEKER HARNETT
                                      JESSE B. LEVIN

20

21                                    By:  /s/ Melissa Meeker Harnett
                                          MELISSA MEEKER HARNETT
22                                    Attorneys for PLAINTIFF,  PAUL WOOD,
                                      AND THE PUTATIVE CLASS
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.      INTRODUCTION ............................................................................................. 3

II.     STATEMENT OF FACTS ............................................................................... 5

        A.      Efforts of Class Counsel ...................................................................... 5

III.    THE SETTLEMENT FUND ............................................................................ 7

IV.     ARGUMENT ................................................................................................... 9

        A.      The Common Fund Doctrine Applies Because Class Counsel's
                Efforts Resulted in a Common Fund that Significantly Benefited
                the Class. ............................................................................................... 9

        B.      Plaintiff's Fee Request Is Consistent With The Ninth Circuit's
                Benchmark Award in Class Actions of 25% of the Common
                Fund .................................................................................................... 11

        C.      The Requested Fee is Fair and Reasonable ........................................ 12

        D.      Cross-Checking the Percentage Basis to the Lodestar Basis
                Demonstrates The Very Modest Attorney Fee Request ...................... 15

        E.      Class Counsel Should be Reimbursed for Their Actual Expenses ....... 20

V.      CONCLUSION ............................................................................................... 22

i
NOTICE OF MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS

1

# TABLE OF AUTHORITIES

2

3                                                                      **Page**

4

5 <u>**CASES**</u>

6 *B-K Lighting, Inc. v. Vision3 Lighting*
     2009 WL 3838264, at *5 (C.D. Cal. Nov. 16, 2009) ......................................18

7 *Blum v. Stenson*

8      465 U.S. 886 n.16 (1984) ..................................................................................9

9 *Boeing Co. v. Van Gemert*
     444 U.S. 472 (1980) .........................................................................................10

10 *Brinker Restaurant Corporation v. Superior Court* (*Hohnbaum*)
      Supreme Court No. D049331 (2008) ...............................................................13

11 *Dunk v. Ford Motor Co.*

12      48 Cal.App.4th 1794 (1996)..............................................................................19

13 *Francisco Valladares v. The Sygma Network, Inc*
      LASC Case No. BC406053, (April 6, 2010) ............................................16, 20

14 *Graham v. DaimlerChrysler Corp.*

15      34 Cal.4th 553 (2004).......................................................................................19

16 *Hanlon v Chrysler Corp.*
      150 F.3d 1011 (9th Cir. 1998) ..........................................................................12

17 *Harris v. Marhoefer*

18      24 F.3d 16 (9th Cir. 1994) ................................................................................20

19 *In Re Activision Sec. Litig.*
      723 F. Supp. 1373 (N.D. Cal. 1989) ................................................................12

20 *In Re Mego Fin. Corp.Sec. Litig.*

21      213 F.3d 454 (9th Cir. 2000)..............................................................................14

22 *In Re Pacific Enters. Sec. Litig.*
      47 F.3d 373 (9th Cir. 1995)...............................................................................10

23 *In re Washington Pub. Power Supply Sys. Sec. Litig.*

24      19 F.3d 1291 (9th Cir. 1994)..............................................................................18

25 *Ketchum v. Moses*
      24 Cal.4th 1122 (2001).................................................................................18, 19

26

27 *Knight v. Red Door Salons, Inc.*
      2009 W.L. 248367, *5 (N.D. Cal. 2009).........................................................14

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

NOTICE OF MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

*Leonard, et al. v. Baumer* (*In Re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*)
    Case No. CV87-3962RN(GX), 1989 WL 73211 at *6 (C.D. Cal. Mar. 9, 1989)................................................................................21

*Lobatz v. U.S. West Cellular of Cal., Inc.*
    222 F.3d 1142 (9th Cir., Cal. 2000) ........................................19

*Lytle v. Carl*, 382 F.3d 978 (9th Cir. 2004) ................................19

*Martin v. FedEx Ground Package System, Inc.*
    2008 WL 5478576, *8 (N.D.Cal. 2008)..............................14, 20

*Mathis v. Spears*
    857 F.2d 749 (9th Cir. 1988)....................................................18

*Murphy v. Kenneth Cole Productions, Inc.*
    40 Cal.4th 1094 (2007)............................................................15

*Padilla et. al. v. Young's Market Company, LLC*
    U.S. District Court of the Central District of California,
    Case No. 09-08730 (2010) ......................................................17

*Paul, Johnson, Alston & Hunt v. Graulty*
    886 F.2d 268 (9th Cir. 1989)....................................................10

*Principe v. Ukropina* (*In Re Pac. Enter. Sec. Litig.*)
    47 F.3d 373 (9th Cir. 1995)......................................................12

*Ramah Navajo Chapter v. Babbitt*
    50 F.Supp.2d 1091 (D.N.M. 1999) ..........................................11

*Rievman v. Burlington Northern Railroad Co.*
    118 F.R.D. 29, 35 (S.D.N.Y. 1987)...........................................20

*Romero v. Producers Dairy Foods, Inc.*
    Case No. 05-0484, 2007 W.L. 3492841, *4 (E.D.Cal. 2007).........14, 15

*Serrano v. Priest*
    20 Cal.3d 25 (1977)...........................................................10, 19

*Singer v. Becton Dickinson and Co.*
    2010 WL 2196104, * 8 (S.D.Ca. June 1, 2010) .......................14

*Six (6) Mexican Workers, et al. v. Arizona Citrus Growers*
    904 F.2d 1301 (9th Cir. 1990).............................................10, 12

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003)......................................................9

*Swedish Hosp. Corp. v. Shalala*
    1 F.3d 1261 (D.C. Cir. 1993) ...................................................11

*Torrisi v. Tucson Elec. Power Co.*
    8 F.3d 1370 (9th Cir. 1993)..................................................10, 12

*Vincent v. Hughes Air West, Inc.*
   557 F.2d 759 (9th Cir. 1977) ................................................................. 10

*Vizcaino v. Microsoft Corp.*
   290 F.3d 1043 (9th Cir. 2002) ....................................................... passim

*Wal-Mart Stores, Inc. v. Visa, U.S.A., Inc and Mastercard Int'l. Inc.*
   396 F.3d 96 (2nd Cir. 2005) ................................................................. 11

*Wershba v. Apple Computer, Inc.*
   91 Cal.App.4th 224 (2001) .................................................................. 19

*Williams v. MGM-Pathe Communications Co.*
   129 F.3d 1026 (9th Cir. 1997) .......................................................... 12, 17

## STATUTES

California Labor Code § 218.5 ................................................................. 15

California Labor Code § 226(e) .............................................................. 16

Code of Civil Procedure § 1021.5 .......................................................... 16

Fed. R. Civ. P. 23 ................................................................................... 2

Fed. R. Civ. P.26(f) ................................................................................ 6

Fed. R. Civ. P. 23(h) .............................................................................. 3

Local Rule 54-5 ...................................................................................... 2

Labor Management Relation Action ................................................... 6, 7

Federal Aviation Administration Authorization Act ........................... 6, 7

## OTHER AUTHORITIES

4 Conte & Newberg, *Newberg on Class Actions* § 14:6, (4th Ed. 2002) ............ 11, 12

*Manual for Complex Litigation*, § 14.121, p. 236 (4th Ed. 2006) ............................ 11

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Fed. R. Civ. P. 23(h), Plaintiff Paul Wood ("Plaintiff") moves for an award of attorneys' fees and costs to Class Counsel Wasserman, Comden, Casselman & Esensten LLP ("WCCE") and Ackermann & Tilajef P.C. ("A&T") for services performed in obtaining a remarkable settlement for a Class of truck drivers currently and formerly employed in California by Defendant The Martin-Brower Company, L.L.C. ("Defendant").

## I.   INTRODUCTION

This Motion seeks an award of attorneys' fees and costs to Class Counsel who reached an excellent, and early, settlement result on behalf of the putative Settlement Class[1] ("the Settlement Class"). The settlement followed months of extensive fact investigation, voluminous discovery, conferences between the parties concerning the merits of Defendant's preemption defenses, and mediation. Class Counsel negotiated a non-reversionary settlement with Defendant for a Total Settlement Sum ("TSS") of $697,671.90[2] to resolve the wage and hour claims of

_____

[1] The Settlement Class defined as: all truck drivers employed by Defendant in California, whose job responsibilities included delivering or moving food or beverage products in California by driving on the road during the Class Period of June 23, 2006, through the date the Court preliminarily approved the Settlement Agreement.

[2] As explained further below, the Settlement Agreement provides for a TSS of $685,000 with additional settlement amounts to be added by Defendant in the event that additional class members beyond the original 116 were subsequently located. Defendant has informed Class Counsel and the Settlement Administrator that an additional 17 class members were identified bringing the total number of Class Members to 133. As a result, the net settlement amount will be increased by $12,671.90. (There are a total of 2,150 qualified work days ("QWDs") during the Class Period associated with the newly-located 17 class members and the amount per workday under the settlement is $5.893909 per QWD). Thus, the actual total amount of the settlement payment here will be $697,671.90. The Net Amount to be distributed, if the Court grants final approval, will be approximately $502,128.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

NOTICE OF MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Plaintiff and the Settlement Class.

2  The settlement ensures the maximum possible recovery by the Class, with no

3  reversion of the net proceeds (minus attorney fees, administrator fees, and costs) to

4  Defendant, and no requirement that the Class fund the mediation which resulted in

5  this settlement.  Moreover, class members need not submit claim forms in order to

6  obtain payment.

7  Plaintiff now requests that the Court approve an award of attorneys' fees in

8  the amount of $171,250, which is equivalent to an award of slightly less than 25%

9  of the Total Settlement Sum.  With the upward adjustment of the settlement as a

10  result of the newly-discovered Class Members, the actual amount of fees requested

11  is under 25% of the common fund, i.e., $171,250/$697,671 = 24.54 %.  Comparing

12  this percentage based request to the lodestar method, *the requested 25% fee is less*

13  *than half of the lodestar fees actually incurred*.

14  The precise details of this Request were agreed to in the Stipulation

15  Regarding Settlement of Class Action ("Settlement Agreement") and the Notice to

16  Class Members Re: Pendency of a Class Action ("Notice") preliminarily approved

17  by this Court on March 28, 2011, and served on all Class Members on April 22,

18  2011.  Pursuant to the Joint Stipulation and Order Modifying Final Approval

19  Hearing, filed April 11, 2011 ("Order"), the last day for Class Members to postmark

20  their Response to the Notice (including opt-outs and objections) is May 23, 2011.

21  This Court should grant Plaintiff's request for an attorneys' fee award of

22  $171,250, which is slightly less than 25% of the TSS (as adjusted upwards by the

23  addition of the new class members), because it is fair and eminently reasonable in

24  this case.  First, the requested fee award is consistent with the Ninth Circuit's

25  benchmark for the award of attorneys' fees in class actions as well as fee awards in

26  similar wage and hour cases.  Second, Class Counsel achieved an excellent result by

27  successfully obtaining a TSS for the class in the amount of $685,000 (which has

28

1   been adjusted upward to $697.671)  Third, the attorneys' fee amount of $171,250 is

2   also eminently reasonable when cross-checked against Class Counsel's actual total

3   lodestar of $383,071.25 with a resulting fractional multiplier of only .45.  Despite

4   the contingent nature of this litigation, Class Counsel is thus requesting substantially

5   less than its actual time incurred in litigating this relatively small wage-and-hour

6   class action.

7       Finally, this Court should also grant reimbursement of Class Counsel's

8   litigation costs in the sum of $7,034.52 from the TSS.  These costs were necessarily

9   incurred in the litigation of this case, are reasonable, and of the type normally

10  charged to fee-paying clients.[3]

11  **II.    STATEMENT OF FACTS**

12      **A.    Efforts of Class Counsel**

13      Class Counsel has performed substantial work and diligently investigated and

14  prosecuted this action to a successful conclusion.  (*See* Declaration of Melissa

15  Meeker Harnett In Support Of Motion for Attorneys Fees and Costs ("Harnett

16  Decl.") ¶¶ 32-49.)  Class Counsel conducted a thorough investigation into the facts

17  and legal issues in this case before filing the Complaint on June 23, 2010, including

18  interviewing Plaintiff, reviewing Plaintiff's documents, conducting corporate

19  research, conducting legal research into Plaintiff's claims and Defendant's defenses

20  thereto, and drafting the Complaint.  (*Id.*)

21      Subsequently, the parties agreed to informal discovery and mediation.  During

22  the course of discovery, Defendant exchanged substantial informal written

23  discovery.  The information included the number of putative class members, the

24  _____

25  [3] The Settlement Agreement allows for Class Counsel to apply for reimbursement of

26  litigation costs incurred up to a maximum amount of $10,000, but Plaintiff seeks
    reimbursement only of its actual costs incurred and reasonably anticipated additional

27  costs to be incurred in connection with the final approval motion, totaling $7,244.52.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   number of drivers and work days each year during the proposed Class Period, the

2   number of former employees within the putative class, and average pay rates for

3   drivers for each year during the class period.  (Harnett Decl. ¶¶ 42-43).

4        Plaintiff also obtained and reviewed thousands of pages of documents from

5   Defendant including a randomly selected pool of twelve unique drivers spread

6   evenly over the proposed class period.  The records included XATANET Driver

7   Log Daily Reports, Driver Manifests, and payroll records for a randomized

8   sampling of over 10% of the class for the entire Class Period.  Class Counsel

9   generated numerous detailed charts for use in the mediation of this case, in which

10  they summarized their analysis of all the produced employment records. Class

11  Counsel also interviewed dozens of putative class members, answered their

12  questions, and obtained an impressive 30 sworn declarations from putative class

13  members.  <u>This amounts to approximately 22.5% of the entire Settlement Class</u>.

14  (Harnett Decl., ¶¶ 42, 44).

15       Counsel for the parties have further investigated the applicable law as applied

16  to the facts concerning the suitability of the action for class action treatment,

17  Plaintiff's claims, Defendant's potential defenses thereto, including its preemption

18  defenses, and the damages claimed by Plaintiff.[4]  The parties also engaged in a

19  lengthy and detailed meet and confer process regarding Defendant's LMRA and

20  FAAAA preemption defenses during and after the Rule 26(f) conference. (Harnett

21  Decl. ¶ 39).

22  _____

23  [4] Prior to mediation, as a precautionary measure, Class Counsel prepared drafts of
    dispositive motions regarding Defendant's Federal Aviation Administration

24  Authorization Act and the Labor Management Relation Act preemption defenses.
    The reason for this work was that the parties had agreed to file cross-motions for

25  summary judgment of the LMRA and FAAAA defenses in the event that the

26  mediation was unsuccessful and the Court had set a briefing schedule relatively soon

27  after the mediation.

28

1   The Parties' counsel each drafted detailed mediation briefs analyzing the facts

2   and law applicable to this case, including a detailed analysis of Defendant's Federal

3   Aviation Administration Authorization Act and the Labor Management Relation Act

4   preemption defenses, as well as substantial damages analyses.  (Harnett Decl. ¶ 46).

5   Class Counsel's mediation brief was also structured in the format of a motion for

6   class certification, so that, if the mediation had failed, Class Counsel would be

7   prepared to move for class certification relatively soon after the Court had heard and

8   ruled upon the parties' cross-motions for summary judgment regarding Defendant's

9   LMRA and FAAAA preemption defenses). (*Id*.).

10   Class Counsel prepared for and attended mediation on January 25, 2011,

11   before Gene Moscovitch, Esq., a well-known mediator experienced in the resolution

12   of wage and hour class actions.  (Harnett Decl. ¶ 47).  At the end of a full day of

13   challenging negotiations, the parties came to an agreement for settlement and signed

14   a Memorandum of Understanding containing the material terms of settlement.

15   (Harnett Decl. ¶48).  The Settlement Agreement and all related forms were

16   negotiated over the following month and were finalized and fully executed in March

17   2011.  (Harnett Decl. ¶ 49).

18   ### III.   THE SETTLEMENT FUND

19   Under the terms of the Settlement Agreement, if the Court grants Final

20   Approval, Defendant will pay $697.671.00 (upwardly adjusted from $685,000.00),

21   plus the entire fee for the services rendered by mediator Eugene C. Moscovitch,

22   Esq., in exchange for a full discharge of all claims asserted in this action.

23   Additionally, over and above the TSS, Defendant will pay the employer's share of

24   payroll taxes arising from awards to Plaintiff and the Settlement Class.  If approved

25   by the Court, Plaintiff will receive an enhancement award of $12,000.00, which

26   shall be deducted from the TSS and distributed to Plaintiff.  Class Counsel also

27   request that this Court award them reasonable fees of 25% of the original TSS

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1   ($171,250), plus $7,034.52 in litigation costs.  Finally, to be deducted from the TSS

2   is payment to the California Labor Workforce Development Agency in the amount

3   of $2,500.00 in satisfaction of the State's share of penalties under the Private

4   Attorneys General Act of 2004 in connection with the Released Claims.  Defendant

5   does not oppose any of these deductions.

6           Once these deductions are made, the balance of the TSS, approximately

7   $502,128.00 ("Net Settlement Consideration", or "NSC") will be available for

8   distribution to the Class Members who do not opt out of the settlement after

9   receiving notice of the settlement and their right to opt-out.  The amount to be

10  distributed to each Class Member will be determined on the basis of the number of

11  days actively worked as a truck driver by each Class Member during the Class

12  Period to be calculated as a percentage of all days worked by all drivers in the Class

13  Period.  Each day will be allocated a certain amount of money, calculated by

14  dividing the NSC by the total number of days worked by all Class Members during

15  the relevant Class Period as drivers for Defendant, as reflected in Defendant's

16  payroll records.  The Settlement Agreement allows Class Members to challenge the

17  calculation of number of days worked, and provides a resolution process for those

18  disputes.

19          It is not uncommon in these sorts of cases for employers to locate additional

20  class members in the process of assembling data for the Settlement Administrator.

21  Knowing this to be the case, the parties had agreed that if the actual number of

22  Settlement Class Members exceeded 128 individuals (i.e. 10% more than the 116

23  Class Members that Martin-Brower had previously identified), Defendant would add

24  further monies to the NSC in an amount equal to the total sum of the equivalent pro-

25  rata share of each additional Settlement Class Member.  If only an additional 11 or

26  fewer Settlement Class Members over the 116 previously identified (i.e. less than

27  10% of the previously identified number of Class Members) were subsequently

28

1   identified or came forward and were shown to fall within the Class definition prior

2   to the Final Approval Date, those individuals would receive a pro-rata share of the

3   NSC.  In fact, as previously noted, an additional 17 class members were

4   subsequently located by Defendant when it began to gather the qualified work days'

5   data for the Settlement Administrator.

6        Any checks issued to participating members of the Class which are not

7   properly or timely negotiated within 180 days shall be paid to Ronald McDonald

8   House Charities as a *cy pres* payment.  None of the NSC will revert to Defendant,

9   *thus reserving 100% of the NSC to the Class*.

10       The parties were able to agree to the terms of the Settlement Agreement at a

11  relatively early stage in this litigation, before a motion for class certification was

12  filed, to the greater benefit of the Class.  Moreover, payment will be made to all

13  Class Members unless they opt-out or object to the terms of the Settlement.

14  **IV.   ARGUMENT**

15       Class Counsel seeks an award of attorneys' fees from the $697,671.90

16  settlement fund they obtained for the benefit of the class.  This Court has discretion

17  to determine reasonable attorneys' fees at the conclusion of class action litigation.

18  See *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 -1051 (9th Cir. 2002).  The

19  traditional method of calculating a fee award in a common fund case is to award

20  counsel a percentage of the fund.  *See Blum v. Stenson*, 465 U.S. 886, 900 n.16

21  (1984).  "Under the 'common fund' doctrine, 'a litigant or a lawyer who recovers a

22  common fund for the benefit of persons other than himself or his client is entitled to

23  a reasonable attorney's fee from the fund as a whole.'"  *Staton v. Boeing Co*., 327

24  F.3d 938, 967 (9th Cir. 2003).

25       **A.   The Common Fund Doctrine Applies Because Class**

26           **Counsel's Efforts Resulted in a Common Fund that**

27           **Significantly Benefited the Class.**

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    Courts have long recognized that private plaintiffs or their attorneys whose

2    efforts result in the creation of a common fund that benefits others are entitled to

3    recover attorneys' costs and fees from that fund.  *See Boeing Co. v. Van Gemert*,

4    444 U.S. 472, 478 (1980); *Vincent v. Hughes Air West, Inc*., 557 F.2d 759, 769 (9th

5    Cir. 1977).  The common fund doctrine "rests on the perception that persons who

6    obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched

7    at the successful litigant's expense.  Jurisdiction over the fund involved in the

8    litigation allows a court to prevent this inequity by assessing attorney's fees against

9    the entire fund, thus spreading fees proportionately among those benefited by the

10   suit."  *Boeing Co.,* 444 U.S. at 478 (citation omitted).  Federal and state courts

11   recognize that when counsel's litigation efforts result in a common fund that

12   benefits class members, counsel has an equitable right to be compensated from that

13   fund for their work in creating the fund.  *See e.g. Boeing Co*., 444 U.S. at 478;

14   *Staton*, 327 F.3d at 967; *see also Serrano v. Priest*, 20 Cal.3d 25, 35 (1977).

15   In common fund cases like this one, the Ninth Circuit typically relies upon the

16   percentage-of-the-fund method for calculating fee awards.  *See In Re Pacific Enters.*

17   *Sec. Litig*., 47 F.3d 373, 379 (9th Cir. 1995); *Torrisi v. Tucson Elec. Power Co*., 8

18   F.3d 1370, 1376 (9th Cir. 1993), *Six (6) Mexican Workers, et al. v. Arizona Citrus*

19   *Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (common fund fee is generally

20   "calculated as a percentage of the recovery"); *Paul, Johnson, Alston & Hunt v.*

21   *Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).  The percentage of the fund method is

22   fair and reasonable because it replicates the economics of contingency fee litigation

23   practice, which, given the risks and uncertainties inherent in litigation, is results-

24   oriented and is not dependent on how much time an attorney actually spends

25   litigating a case, but instead on the results that were achieved.  *Paul, Johnson,*

26   *Alston & Hunt*, 886 F.2d at 272 ("[I]t is well settled that a lawyer who creates a

27   common fund is allowed an extra reward, beyond which he has arranged with his

28

1    client, so that he might share the wealth of those upon whom he has conferred a

2    benefit."); *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) (in

3    common fund cases "the monetary amount of the victory is often the true measure of

4    [counsel's] success, and therefore it is most efficient that it influence the fee

5    award."); 4 Conte & Newberg, *Newberg on Class Actions*, § 14.6, p. 550 (4th Ed.

6    2002) ("The fund itself represents the benchmark from which reasonableness is

7    measured.").  Because common fund cases are generally handled on a contingency

8    basis, the percentage method ensures that the fee award mimics the marketplace. *See*

9    *Ramah Navajo Chapter v. Babbitt*, 50 F.Supp.2d 1091, 1096 (D.N.M. 1999).

10         For this reason, the percentage method provides highly qualified attorneys the

11   necessary incentive to bring class actions given that class counsel will never be able

12   to negotiate their fees upfront with their clients. *Swedish Hosp. Corp.*, 1 F.3d at

13   1269.  Moreover, the percentage method "aligns the interests of the class and its

14   counsel and provides a powerful incentive for the efficient prosecution and early

15   resolution of litigation."  *See Wal-Mart Stores, Inc. v. Visa, U.S.A., Inc and*

16   *Mastercard Int'l. Inc*., 396 F.3d 96, 121 (2nd Cir. 2005). "[O]ne purpose of the

17   percentage method is to encourage early settlements by not penalizing efficient

18   counsel, thus ensuring that competent counsel continues to be willing to undertake

19   risky, complex, and novel litigation."  *See also Manual for Complex Litigation*, §

20   14.121, p. 236 (4th Ed. 2006).  Finally, the percentage method is efficient because it

21   is easy for courts to calculate, therefore less demanding on judicial resources and

22   less likely to result in a delay of payment to the class than alternative methods.

23   *Swedish Hosp. Corp.*, 1 F.3d at 1269.

24         **B.    Plaintiff's Fee Request Is Consistent With The Ninth**
             **Circuit's Benchmark Award in Class Actions of 25% of the**
25           **Common Fund**

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1    As the Ninth Circuit has made clear[5], the benchmark for an award of

2 attorneys' fees in class actions is 25% of the common fund.  *See Vizcaino*, 290 F.3d

3 at 1047; *Williams v. MGM-Pathe Communications Co.,* 129 F.3d 1026, 1027 (9th

4 Cir. 1997) (25% of the common fund is the "benchmark for attorneys' fees");

5 *Principe v. Ukropina* (*In Re Pac. Enter. Sec. Litig*.), 47 F.3d 373, 379 (9th Cir.

6 1995) (benchmark is 25%); *Torrisi v. Tucson Elec. Power Co*., 8 F.3d 1370, 1376

7 (9th Cir. 1993) (observing that 25% of common fund allocated to attorneys' fees is a

8 benchmark in the Ninth Circuit); *Six (6) Mexican Workers v. Arizona Citrus*

9 *Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (same); *In Re Activision Sec. Litig*.,

10 723 F. Supp. 1373, 1375 (N.D. Cal. 1989) (fee awards "almost always hover[ ]

11 around 30% of the fund created by the settlement"); 4 Conte & Newberg, *Newberg*

12 *on Class Actions* § 14:6, p. 551 (4th Ed. 2002) ("fee awards in class actions average

13 around one-third of the recovery"). Here, the requested fee award of 25% of the

14 initial common fund—or, more accurately, slightly less than 25% of the higher

15 adjusted settlement amount—is consistent with the Ninth Circuit's benchmark[6] for

16 awarding attorneys' fees.

17    **C.    The Requested Fee is Fair and Reasonable**

18    The requested fee award of 25% of the common fund is fair and reasonable

19 for a class action settlement.  *See Vizcaino*, 290 F.3d at 1048-50.  In determining

20 whether the requested common fund fee award is fair and reasonable, the Court

21 should consider factors such as (1) whether Class Counsel achieved an exceptional

22 result; (2) whether Class Counsel's performance generated benefits to the class; (3)

23

24

25 [5] In 'common fund' cases where the settlement or award creates a large fund for
distribution to the class, the district court has discretion to use either a percentage or
26 lodestar method. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998).

27

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  the legal and financial risks undertaken by Class Counsel in litigating this matter,

2  including whether Class Counsel had to forego other work; and (4) whether the

3  requested percentage is consistent with the market rate for contingency fee

4  litigation. *See Id.*  In addition, this Court should consider Class Counsel's high

5  quality of work, and the fact that the requested fee is in line with the Ninth Circuit's

6  benchmark and recent common fund fee awards in class actions in the federal

7  district courts located in California.

8  First, Class Counsel achieved an excellent result and generated a significant

9  benefit for the class.  *See Id*. at 1048.  Class Counsel's work resulted in the creation

10  of a non-reversionary common fund of $502,128.00 (net of attorneys' fees,

11  enhancement and administration fees, and costs) for the benefit of the class of

12  approximately of 133 class members without the necessity of a claim form  (Harnett

13  Decl. ¶57).  Settlement class members are guaranteed their share of the NSC unless

14  they affirmatively opt-out to the terms of the settlement.  (*Id.* at ¶ 53).  Thus, as a

15  result of the very favorable settlement structure negotiated by Plaintiffs' counsel,

16  100 % of the settlement funds available for distribution is to be distributed to class

17  members – an objectively outstanding result.

18  Second, this case was both legally and financially risky for Class Counsel.

19  *See Vizcaino*, 290 F.3d at 1048-49 (legal and financial risk supported the 28 %

20  common fund fee award).  The risk existed that the class might not be certified

21  because it consists of 133 current and former drivers who drove different routes for

22  Defendant in Northern California.  Another risk arose from the fact that California's

23  meal break law is somewhat in flux with the California Supreme Court having

24  granted a petition for review in *Brinker Restaurant Corporation v. Superior Court*

25  (*Hohnbaum*), Supreme Court No. D049331 (2008), to resolve the dispute among the

26  California courts of appeal as to the appropriate standard for establishing a missed

27  meal break claim.  Class Counsel nevertheless assumed those risks and agreed to

28

1 | litigate the case in that posture.

2 |      The financial risks undertaken by Class Counsel in this litigation also justify

3 | the requested fee award.  Class Counsel accepted this case on a contingency basis.

4 | (Harnett Decl. at ¶¶ 31, 61). There was no guarantee that they would recoup their

5 | fees or costs. (Harnett Decl. ¶ 65).  Class Counsel has not received any payment for

6 | their time or expenses, which they began incurring in June 2010, and for which they

7 | will not be paid unless and until after the settlement and this request for fees is given

8 | final approval by the Court.  (Harnett Decl. ¶ 31).  Class Counsel also had to forego

9 | other work in order to maintain this case. (*Id.*).

10 |      Third, 25% is consistent with the Ninth Circuit's benchmark for awarding

11 | fees in class actions, but it is below the market rate for contingency fee litigation.

12 | *See, e.g. Vizcaino*, 290 F.3d at 1049 (noting that the district court found a 28% fee

13 | rate was below the market rate of 30% for contingency fee cases); *In Re Mego Fin.*

14 | *Corp.Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000).  Nowadays, counsel in

15 | contingency fee cases generally receive at least 30%, if not 33 to 40%, of Plaintiffs'

16 | recovery, *Id.*, but here Class Counsel simply seeks slightly less than "the

17 | benchmark" of 25% of the common fund due to the early nature of the settlement.

18 | *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, * 8 (S.D.Ca. June 1, 2010)

19 | (approving attorney fee award of 33.33% of the common fund and holding that

20 | award was similar to awards in three other wage and hour class action cases where

21 | fees ranged from 30.3% to 40%); *Martin v. FedEx Ground Package System, Inc.*,

22 | 2008 WL 5478576, *8 (N.D.Cal. 2008) (trucker meal break class action where the

23 | federal district court approved attorneys' fees of 1/3 of common fund); *Knight v.*

24 | *Red Door Salons, Inc.*, 2009 W.L. 248367, *5 (N.D. Cal. 2009)(awarding 30% in

25 | attorneys' fees in a wage/hour class action where the common fund obtained

26 | amounted to $500,000, and noting, "[t]he results achieved weigh in favor of granting

27 | the requested 30% fee"); *Romero v. Producers Dairy Foods, Inc.,* Case No. 05-

28 |

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1 0484, 2007 W.L. 3492841, *4 (E.D.Cal. 2007) (approving attorneys' fees at 1/3 of

2 the common fund in a missed meal break class action and noting, "fee awards in

3 class actions average around one-third of the recovery").

4 Finally, the fairness of the fee award is further supported by the high quality

5 of work performed by Class Counsel. Class Counsel diligently, efficiently, and

6 creatively pursued this case to a successful settlement for the benefit of the entire

7 class. (Ackermann Decl.¶¶ 9-18 ; Harnett Decl. ¶ 4). Class Counsel avoided

8 protracted litigation by conducting significant investigation of the class claims, and

9 efficiently communicating and exchanging information with Defense counsel such

10 that the parties could successfully mediate the case after some written discovery,

11 and substantial informal discovery, but before a Class certification motion was heard

12 by the Court. (Ackermann Decl.¶¶ 9-18; Harnett Decl. ¶¶ 38-45). Accordingly, this

13 Court should find that Plaintiff's request for 25% of the common fund as attorneys'

14 fees is fair and reasonable under applicable precedent and the totality of the

15 circumstances here.

16      **D.      Cross-Checking the Percentage Basis to the Lodestar Basis**

17           **Demonstrates The Very Modest Attorney Fee Request**

18 Significantly, Plaintiff's fee request is far below Plaintiff's counsel's lodestar,

19 i.e., the amount of hours that Plaintiff's counsel worked on this case multiplied by

20 their hourly rates.

21 Plaintiff and the Class are entitled to attorneys' fees under several statutes.

22 California Labor Code § 218.5 provides that "in any action brought for the non-

23 payment of wages ... the court shall award reasonable attorneys' fees and costs ..." In

24 *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal.4th 1094, 1099 (2007), the

25 California Supreme Court ruled that the one-hour payment provided for a missed

26 meal break constituted a "wage"; thus, § 218.5 arguably applies here and entitles

27 Plaintiff and the Class to reasonable attorneys' fees and costs.

28

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

Plaintiff's and the Class are also entitled to reasonable attorneys' fees and costs under California Labor Code § 226(e) (employee who prevails on his or her claim for itemized wage statements "is entitled to an award of costs and reasonable attorneys' fees"); and, potentially, Code of Civil Procedure § 1021.5 (a court may award attorneys' fees to a successful party "in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or non-pecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement ... are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery ...").

Class Counsel's lodestars, based on their current hourly rates, are as follows[7]:

## A&T LODESTAR CHART[8]

| NAME | HOURS | HOURLY RATE | TOTAL LODESTAR |
|------|-------|-------------|----------------|
| Craig Ackermann, Esq. | 91.8 | $550 | $50,490 |
| Tatiana Hernandez, Esq. | 94.68 | $350 | $33,138 |
| Barry Goldstein, Esq. | 13.8 | $725[9] | $15,525 |

[7] The information set forth in these Tables, including descriptions of the tasks completed are detailed in Ackermann Decl. ¶¶ 28-38 and Harnett Decl. ¶¶70-78   .

[8] On April 6, 2010, A&T's 2010 (and WCCE's 2009 hourly rates) for attorneys and staff as requested herein were approved by Complex Litigation Judge William Highberger of the Los Angeles Superior Court in a trucker meal break case styled *Valladares v. The Sygma Network, Inc*., LASC Case No. BC 406053, where the Court also approved a fee award of 30% of the $1.195 million dollar common fund for a class of 515 truck drivers.  These hourly rates are also consistent with the rates charged to Plaintiffs' Counsel's hourly-paying clients and the prevailing rates for legal services charged in Los Angeles and Southern California.

NOTICE OF MOTION OF PLAINTIFF PAUL WOOD FOR ATTORNEYS' FEES AND COSTS

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

| Rachelle Tsarovsky, Esq. | 98 | $350 | $34,300 |
| Charlie Stein, Esq. | .17 | $250 | $38.25 |
| Pablo Orozco, Esq. | 302.37 | $250 | $75,592.5 |
| Devin Coyle, Esq. | 11 | $250 | $2,750 |
| Rosie Salinas | 23.67 | $150 | $8,284.5 |
| Akiva Feinstein | 141.96 | $175 | $24,843 |
| **A&T LODESTAR** | **777.45** | | **$ 244,961.25** |

**WCCE LODESTAR CHART**

| NAME | HOURS | HOURLY RATE[10] | TOTAL LODESTAR |
| --- | --- | --- | --- |
| Melissa Meeker Harnett, Esq. | 93.2 | $670 | $62,444 |
| Cathy Garcia, Esq. | 16.5 | $600 | $9,900 |
| Gregory Scarlett, Esq. | 0.3 | $500 | $150 |
| Jesse B. Levin, Esq. | 120 | $290 | $34,800 |
| Dale Gordon | 124.4 | $180 | $22,392 |
| Andrea Nielsen | 7.5 | $180 | $1,350 |
| Alan Juvan | 30.6 | $180 | $5,508 |
| Susan House | 8.7 | $180 | $1,566 |

---

[9] Barry Goldstein, who served as a consultant to Plaintiffs' counsel on this case, has been described by one Federal judge as the most experienced Plaintiffs' employment law class action attorney in the United States. In addition to teaching employment law at Harvard Law School and arguing several cases in the U.S. Supreme Court, Mr. Goldstein has litigated numerous class actions through trial and has obtained some of the largest settlements ever secured in employment law class actions, including numerous settlements over $50 million.

[10] WCCE's 2011 rates were found fair and finally approved in *Padilla et. al. v. Young's Market Company, LLC,* U.S. District Court of the Central District of California, Case No. 09-08730 (2010); and *Williams et.al. v. Biotab Nutraceuticals, Inc. et.al.,* LASC, Case No. BC414808 (2011). (Harnett Decl. ¶ 71)

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

| **WCCE LODESTAR** | **401.2** | **$138,110** |
|---|---|---|

| **TOTAL LODESTAR** | **$383,071.25** |
|---|---|

Using the lodestar approach, the court computes the reasonable market value of the service rendered. *Ketchum v. Moses*, 24 Cal.4th 1122, 1138 n.3 (2001).  The first step is to calculate the lodestar, which is determined by multiplying the time spent by the attorneys and other time keepers by their reasonable hourly rates. *Ketchum*, 24 Cal.4th at 1132.  Ordinarily, reasonable hourly rates are based on each attorney's current hourly rates. *Vizcaino* , 290 F.3d at 1051 ("calculating fees at [current hourly rates] ... compensate[s] for delay in receipt of payment"); *In re Washington Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."). Plaintiff's Counsel employ their current hourly rates for partners, associates and paralegals in calculating their lodestars in the Tables, *supra*.

Plaintiff's Counsels' current rates are reasonable because they are in line with the prevailing rates for other attorneys practicing complex litigation in California.

"Courts … frequently use survey data in evaluating the reasonableness of attorneys' fees." *B-K Lighting, Inc. v. Vision3 Lighting*, 2009 WL 3838264, at *5 (C.D. Cal. Nov. 16, 2009) (citing *Mathis v. Spears*, 857 F.2d 749, 755-56 (9th Cir. 1988)).  A 2010 National Law Journal survey confirms the rates charged by Plaintiff's Counsel are reasonable, even if judged by standards in effect prior to today. (*See* Harnett Decl. ¶ 87, **Exhibit F**). This survey establishes that other firms in California charge rates ranging from $270 to $850 for partners and $195 to $620 for associates, commensurate with or exceeding those charged by Class Counsel. (*Id*.). These hourly rates are also consistent with the rates charged to Plaintiff's

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1  Counsel's hourly-paying clients. (Harnett Decl. ¶¶ 85, 88; Ackermann Decl. ¶ 31 ).

2      Moreover, in calculating Plaintiff's Counsel's lodestar, counsel "is not

3  required to record in great detail how each minute of his time was expended" and

4  minimal time descriptions are sufficient so long as they establish that time was spent

5  on matters for which fees should be awarded.  *Lytle v. Carl*, 382 F.3d 978, 989 (9th

6  Cir. 2004); *Lobatz v. U.S. West Cellular of Cal., Inc*., 222 F.3d 1142 at 1148 (9th

7  Cir., Cal. 2000) (finding detailed time sheets were not required where fees were

8  agreed upon in settlement agreement); *Wershba v. Apple Computer, Inc*., 91

9  Cal.App.4th 224, 255 (2001) ("California case law permits fee awards in the

10  absence of detailed time sheets"); *see also Dunk v. Ford Motor Co*., 48 Cal.App.4th

11  1794, 1810 (1996) (stating that lodestar calculation could be based on counsel's

12  estimate of time spent).  The detailed descriptions of work performed, (Ackermann

13  Decl. ¶¶ 29-39; Harnett Decl. ¶¶ 70-78), and hours spent on this case, Tables*, supra,*

14  are more than sufficient to find Plaintiff's Counsel's lodestar to be reasonable.

15      The combined total lodestar for Plaintiff's work on this case, including the

16  work necessary to finalize the class settlement, move for preliminary approval, work

17  with the settlement administrator on notice dissemination, and move for final

18  approval, amounts to $383,071.25.  See, Tables, *supra*.  Under California law, the

19  court may adjust the lodestar based on several factors in order to "fix a fee at the fair

20  market value for the particular action." *Ketchum*, 24 Cal.4th at 1132; *Graham v.*

21  *DaimlerChrysler Corp*., 34 Cal.4th 553, 574 (2004).  Those factors include the

22  contingent risk of the litigation, the novelty and complexity of the issues, and

23  exceptional results obtained.  *Ketchum*, 24 Cal.4th at 1132, *Serrano v. Priest*, 20

24  Cal.3d 25, 48-44 (1977).

25      In class action litigation in federal court, multipliers to Class Counsel's

26  lodestar are routinely approved in the range from 1.5 to 4.0 in order to reward

27  Plaintiffs' counsel for the contingent risk in taking on the litigation. *See, e.g., Martin*

28

*v. FedEx Ground Package System, Inc.*, 2008 WL 5478576, *8 (N.D.Cal. 2008) (trucker meal break class action where the federal district court approved attorneys' fees of 1/3 of common fund stating, inter alia, "[b]ecause the lodestar cross check revealed a relatively low multiplier of 1.48, the court is satisfied that counsel's requested fee award is not unreasonable"); *Francisco Valladares v. The Sygma Network, Inc*, LASC Case No. BC406053, (April 6, 2010)(a truck driver meal and rest period case wherein Los Angeles Complex Litigation Judge William Highberger awarded Class Counsel, the same Class Counsel in this case, with a lodestar multiplier of 1.62); *see also, Rievman v. Burlington Northern Railroad Co*., 118 F.R.D. 29, 35 (S.D.N.Y. 1987) (noting multipliers between 3 and 4.5 are common). Since Plaintiffs' Counsel only requests 25% of the $685,000 award ($171,250), or 24.45% of the upward adjusted $697,671 and has a current lodestar of $383,071.25, it is seeking a low and exceedingly reasonable multiplier of .45.

Because there has been no collusion, behind Class Counsel's intent to seek the specified amount, this Court need not apply the same level of scrutiny as is required when the fee award is litigated.

Therefore, based on the fact that this case was handled on a contingency basis with the law somewhat in flux, there is little doubt that the results obtained here were substantial and good for the Class. Accordingly, Plaintiff's request for 25% of the common fund is reasonable and should, respectfully, be approved by the Court.

### E.   Class Counsel Should be Reimbursed for Their Actual Expenses

Class Counsel also requests reimbursement from the common fund for out-of-pocket expenses incurred during this litigation. Class Counsel is entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). It is appropriate to reimburse Class Counsel for such expenses from the common fund. *See e.g.*

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

*Leonard, et al. v. Baumer* (*In Re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*), Case No. CV87-3962RN(GX), 1989 WL 73211 at *6 (C.D. Cal. Mar. 9, 1989).

To date, Class Counsel has incurred $4,984.52 in actual litigation costs and expenses. That total figure comprises $2,461.42 of costs incurred by A&T and $2,523.10 incurred by WCCE.  (Harnett Decl. ¶ 79).  These costs include the filing fee, service fee, photocopying and mailing expenses, travel expenses to and from hearings, and other reasonable expenses.  (See Ackermann Decl. ¶40; Harnett Decl. ¶¶ 80-84 ).  All costs were reasonable and necessary to the prosecution of this matter and would have been billed to a paying client.  (See Ackermann Decl. ¶40 ; Harnett Decl. ¶85). The settlement agreement and class notice provides for reimbursement of all reasonable recoverable costs. Class Counsel seek actual costs incurred, plus $2050 in estimated costs associated with the filing of this fee motion and the final approval motion, delivery of same to chambers, and airline and hotel expenses associated with Counsel's attendance at the hearing. (See Ackermann Decl. ¶40; Harnett Decl. ¶ 86).  Thus, the Court should approve reimbursement of the requested $7,034.52 in litigation costs.

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

WASSERMAN, COMDEN, CASSELMAN & ESENSTEN, L.L.P.
5567 RESEDA BOULEVARD, SUITE 330
POST OFFICE BOX 7033
TARZANA, CALIFORNIA 91357-7033

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request that the Court issue an order approving payment to Class Counsel of $171,250 as a reasonable 25% common fund fee award for a class action settlement and the reimbursement of $7,034.52  as reasonable costs to Class Counsel.

DATED: May 2, 2011                    Respectfully submitted,

**WASSERMAN, COMDEN,
CASSELMAN & ESENSTEN, L.L.P.**
MELISSA MEEKER HARNETT
GREGORY SCARLETT
JESSE B. LEVIN


By: /s/Melissa Meeker Harnett
     MELISSA MEEKER HARNETT